E-FILED
Wednesday, 12 November, 2025  12:18:54 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| MALCOLM WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4109 |
| | ) | |
| GALESBURG CORRECTIONAL | ) | |
| CENTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and previously incarcerated at Hill Correctional Center, is requesting leave to proceed *in forma pauperis*. (Doc. 4).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he suffered from chronic obstructive pulmonary disorder (COPD) and other respiratory conditions that reduce his breathing capacity and require him to use a wheelchair. Plaintiff alleges that Defendant Lindorff, the Healthcare Unit Administrator at Hill Correctional Center, failed to create a "maintenance profile" regarding his disability in the prison computer system that apparently resulted in officials at Robinson Correctional Center denying him access to a wheelchair. Plaintiff alleges that the denial of the wheelchair exacerbated his medical conditions and caused psychological distress.

Plaintiff does not allege that the officials he named as defendants failed to accommodate his disability or otherwise denied access to programs at Hill Correctional Center. He alleges that Defendant Lindorff's alleged failure to provide information in a prison-wide computer system resulted in violations of the Americans with Disabilities Act and Rehabilitation Act at the facility to which he was later transferred. Plaintiff does not provide any allegations regarding his efforts to obtain an accommodation at Robinson Correctional Center or how officials at that facility responded to any requests. Plaintiff's allegations are not clear how Defendant Lindorff or the other defendants could have complied with the applicable law at a facility where they presumably had no authority.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion to Request Counsel (Doc. 5)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. <u>Eagan v. Dempsey</u>, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original**

**complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2) Clerk is directed to send Plaintiff a blank complaint form.**

**3) Plaintiff's Motion [5] is DENIED with leave to renew.**

Entered this 12th day of November, 2025.


_____*s/Sue E. Myerscough*_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE